IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN AARON MATTHEWS and
VANESSA MATTHEWS, his wife,

    Plaintiffs,

v.                                  Civil Action No. 5:18CV97
                                          (STAMP)
ISLAND OPERATING COMPANY, INC.,
a Louisiana corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

I.  Background

The plaintiffs, Steven Aaron Matthews ("Mr. Matthews") and Vanessa Matthews ("Mrs. Matthews"), originally filed their complaint in the Circuit Court of Wetzel County, West Virginia, against the defendant, Island Operating Company, Inc. ("Island Operating"). ECF No. 1 at 1. Mr. Matthews was allegedly employed by Stone Operating Company ("Stone"), and was working on behalf of his employer at the Howell Pad. ECF No. 1-1 at 2. The plaintiffs allege in their complaint that Island Operating was contracted to provide maintenance and well production services for the Howell Well Pad. ECF No. 1-1 at 6. The plaintiffs further allege that, while following the directions of one of Island Operating's employees, Island Operating created a dangerous environment that was recklessly unsafe, which resulted in an explosion and a fire, and led to Mr. Matthews' serious and permanent injuries. Id. at

7-8.  Mrs. Matthews asserts a derivative claim for the loss of consortium and services of her husband.  Id. at 7.  The plaintiffs seek compensatory damages, punitive damages, and costs, expenses, and fees.  Id. at 11-12.

The defendant removed this civil action to this Court on June 1, 2018.  ECF No. 1.  In the notice of removal, the defendant asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  ECF No. 1 at 2.  The defendant states that there is complete diversity because the plaintiffs are citizens of West Virginia and the defendant is a Louisiana corporation with its principal place of business in Louisiana.  Id. at 3.  The defendant states that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, based on the plaintiffs' allegations as pled in the complaint.  Id.

The plaintiffs then filed a motion to remand, in which they argue that the defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  ECF No. 6 at 5.  The plaintiffs assert that the defendant, in its notice of removal, merely made conclusory allegations that the plaintiffs' claims exceed the requisite amount.  Id. at 3.  The plaintiffs contend that the "defendant's notice of removal contains no assertion of monetary

amounts in issue and wholly fails to meet any burden of proof concerning the threshold for federal jurisdiction." Id. at 2.

The defendant filed a response in opposition to the plaintiffs' motion to remand arguing that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, because Mr. Matthews was hospitalized for four days following the fire. ECF No. 9 at 2-3. The defendant attached the declaration of Angelle N. Guilbeau for support. Id. In addition, the defendant alleges that Mr. Matthews did not return to work until February 20, 2017. Id. Moreover, the defendant asserts that from January 1, 2016, until the start date of disbursement of workers' compensation wages on December 15, 2016, total wages paid by Stone to Mr. Matthews equaled $60,537.00. Id. The defendant contends that as part of Mr. Matthews' workers' compensation claims, he was paid wages equaling a total of $7,787.60, and an award of $15,426.32 in permanent partial disability benefits as of July 10, 2018, for a total of paid wages and permanent partial disability benefits of $23,213.92. Id. Additionally, the defendant alleges the total cost of medical bills resulting from plaintiff's hospitalization and/or medical treatment as of July 10, 2018, totaled $37,936.59. Id. at 6. Thus, the defendant concludes that the total for wages paid, partial disability benefits and medical bills to date equals $61,150.51. Id. In addition, the defendant notes that the plaintiffs seek damages for "severe" injuries, and accompanying

severe psychological injuries, mental anguish, loss of enjoyment of life, great pain and suffering of body and mind, past lost income and future earning capacity, and past and future medical bills. Id. at 5-6.  Lastly, with respect to punitive damages, the defendant cites Coleman v. Wicker, 2012 U.S. Dist. LEXIS 45225, *8, 2012 WL 1111465 (S.D. W. Va. Mar. 30, 2012), where the Court noted, after an estimate of $63,000.00 was reached, that "[a]n austere one-half multiplier for [an] aforementioned $63,000 award is enough to surmount the jurisdictional minimum [footnote omitted]." Id. at 7.  Further, the defendant states that juries have returned verdicts that were many times greater than the total amount of past medical bills here, referencing decisions decided by the West Virginia Supreme Court involving cases relating to burn injuries. Id.

The plaintiffs filed a reply to the defendant's response arguing that the defendant's response is improperly supported by an unsworn declaration (ECF No. 9-1) that is allegedly based upon information improperly obtained by defendant concerning Mr. Matthews' purportedly private and confidential medical and workers' compensation information.  ECF No. 11 at 1-2.  The plaintiffs, among other things, cite W. Va. C.S.R. § 114-57-15.1 for the proposition that West Virginia law confers an inherent right to privacy of medical information.  Id. at 2.  The plaintiffs also cite Morris v. Consolidation Coal Co., 191 W. Va. 426, 446 S.E.2d

648 (1994), for support that there is a privacy and confidential interest in workers' compensation information. Id. at 3. Moreover, the plaintiffs assert that a permanent partial disability award is "absolutely irrelevant and has no place in the calculation of the amount in controversy" and that the actual amount that should be reflected in the defendant's calculations based on the declaration could be no more than $45,742.19. Id. at 7-8. Lastly, the plaintiffs argue that the defendant's punitive damage analysis is speculative and contains no competent evidence, and that the defendant improperly attempted to aggregate the plaintiffs' claims to reach the jurisdictional amount. Id. at 8-10.

The defendant then filed a motion for leave to file a surreply in opposition to plaintiffs' motion to remand, which was granted. ECF Nos. 12 and 13. In its surreply, the defendant first indicates that Island Operating has not requested, obtained, reviewed, or accessed any medical records or confidential information by Mr. Matthews, attaching an affidavit of counsel for Island Operating for support. ECF No. 15 at 1-2. Second, the defendant indicates that the information contained in the declaration of Angelle Guilbeau is not confidential medical information. Id. at 2. Specifically, the defendant indicates that the plaintiffs have failed to cite a "single case supporting the proposition that mere reference to the fact of an individual's hospitalization, medical treatment, and amount of medical bills is considered confidential

5

medical information." Id. Moreover, the defendant argued that West Virginia does not have a constitutional right to privacy of medical information and that since there has been no production of medical or mental health records in this litigation, the plaintiffs' reliance on W. Va. C.S.R. § 114-57.1 is misplaced since "[i]t relates to actions of insurers and no insurer produced nonpublic health information." Id. at 5-6. The defendant argues that since there were no oral or written communications between Island Operating and Mr. Matthews' physicians, Morris is inapplicable here. Third, the defendant argues that the punitive damages analysis is not speculative and that the plaintiffs have made a good faith claim based on Island Operating's allegedly reckless conduct. Id. at 7-9. The defendant contends that "[e]ven using the lower numbers posited by plaintiffs in their reply memorandum with respect to medical bills and lost wages — totaling $45,724.19, a multiplier of 1, clearly exceeds the jurisdictional threshold." Id. at 9. Lastly, with respect to Mrs. Matthews' loss of consortium claim, the defendant asserts that the Court may exercise supplemental jurisdiction over this claim. Id. at 9-15.

The plaintiffs filed a response to the defendant's motion for leave to file surreply in opposition to the plaintiffs' motion to remand the same day this Court entered an order granting the defendant's motion for leave to file a surreply. ECF No. 14. In the response, the plaintiffs assert that Island Operating violated

Federal Rule of Civil Procedure 7.02 by attaching a complete surreply. Id. at 2. Moreover, the plaintiffs argue that Island Operating obtained information that came from private and confidential records. Id. at 2-3. The plaintiffs, however, did not file a response to the defendant's surreply (ECF No. 15).

## II. Applicable Law

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00. The parties must be completely diverse, meaning that "the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). Diversity is "assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008). Further, this Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. Hartley v. CSX Transp., Inc., 187 F.3d

422, 425 (4th Cir. 1999). However, courts are not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged, the notice of removal, and any other relevant materials in the record at the time of removal. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.1 (4th ed. 2013). Typically, removal jurisdiction should be evaluated based solely on the filings available when the notice of removal was filed. Tamburin v. Hawkins, No. 5:12CV79, 2013 WL 588739, *1 (N.D. W. Va. Feb. 13, 2013) (citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997)). However, it may be proper for the court to consider other evidence in the record where the amount in controversy is not readily ascertainable from the pleadings. See Wright & Miller, supra § 3725.1; Mullins, 861 F. Supp. at 23.

### III. Discussion

There is no dispute in this civil action that complete diversity exists. In their complaint, the plaintiffs allege that Mr. Matthews suffered and will continue to suffer severe burns, severe injuries, great pain and suffering of body and mind, loss of enjoyment of life, mental anguish, loss of income and earning

8

potential, and medical bills for past and future treatment. See ECF No. 1-1 at 10. The plaintiffs also seek punitive damages. ECF No. 1-1 at 6-7; see Asbury-Castro v. GlaxoSmithKline, Inc., 352 F. Supp. 2d 729, 732 (N.D. W. Va. 2005) (noting that "[u]nder West Virginia law, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless . . . [it is] legal[ly] certain[] that [the] plaintiff cannot recover punitive damages in the action").

Defendant Island Operating argues that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, because Mr. Matthews incurred a total of $61,150.51 in damages for wages paid, partial disability benefits and medical bills to date arising from the flash fire that is the subject of this civil action. ECF No. 9 at 2-3. In addition, the defendant notes that the plaintiffs seek damages for "severe" injuries, and past and future costs associated with injuries arising from the flash fire. Id. In support, defendant Island Operating submitted as evidence the Declaration of Angelle N. Guilbeau, a risk management analyst employed by Stone. ECF No. 9-1.

Plaintiffs raise an argument in their reply that the defendant should not be permitted to use the information contained within the declaration (ECF No. 9-1) in order to satisfy their burden of proving removal jurisdiction on the basis that it was improperly obtained. ECF No. 11 at 1-2. Plaintiffs argue that the

9

defendant's response is improperly supported by plaintiff Matthews' private and confidential medical and workers' compensation information by the declaration of Stone's risk management analyst Angelle N. Guilbeau (ECF No. 9-1).  Id.

This Court finds that, at this time, the issue of whether or not defendant has engaged in any alleged wrongdoing does not concern the instant issue of jurisdiction before this Court.  This Court notes that the defendant did not attach the specific medical bills or medical records, but that the plaintiffs take issue with the information referenced within the declaration itself which were general statements regarding the total cost of the plaintiff's hospitalization and/or medical treatment.  Further, the plaintiffs do not challenge the amounts cited, which are $37,936.59 in medical bills, $60,537.00 in total wages paid by Stone to plaintiff Matthews from January 1, 2016 until the start date of workers' compensation wages on December 15, 2016, $7,787.60 in paid wages as a part of his workers' compensation claims, and $15,426.32 in permanent partial disability benefits as of July 10, 2018.  ECF No. 9 at 2-3.  Rather, the plaintiffs challenge the inclusion of Mr. Matthews' partial disability award in the calculation of the amount in controversy.  ECF No. 11 at 6-7.  Although the plaintiffs argue that permanent partial disability benefits should not be considered in the amount in controversy, even excluding that amount, the defendants have provided sufficient proof required for federal

jurisdiction. Specifically, the plaintiff has alleged severe and permanent injuries that may require future treatment, and the defendant has cited numerous West Virginia Supreme Court cases that demonstrate that in cases involving burn injuries, verdicts may be sufficiently greater than the amount in medical bills.

Moreover, without deciding whether or not there is an actual issue of improperly obtaining confidential information by the defendant, or improperly turning over confidential information by the employer, this Court finds that such an issue is not determinative of the amount in controversy for jurisdictional purposes which is the basis of the instant motion. While there may in fact be some appropriate remedy to address the defendant's alleged improper conduct, such remedy does not present itself in this Court's consideration of the plaintiffs' instant motion to remand.

Narrowing in on the specific issue before this Court, this Court finds that plaintiffs have failed to refute the defendant's evidence in support of removal and diversity jurisdiction. Accordingly, this Court finds that the defendant has satisfied its burden of proving by preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### IV. Conclusion

For the reasons stated, this Court finds that it has subject matter jurisdiction in this civil action under 28 U.S.C. § 1332(a).

Accordingly, the plaintiffs' motion to remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: November 28, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE