IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN AARON MATTHEWS and
VANESSA MATTHEWS, his wife,

    Plaintiffs,

v.                                    Civil Action No. 5:18CV97
                                           (STAMP)
ISLAND OPERATING COMPANY, INC.,
a Louisiana corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S
ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL
AND OVERRULING DEFENDANT'S OBJECTIONS**

I.  Procedural History

The plaintiffs in the above-styled civil action filed a motion to compel. ECF No. 34. This motion specifically seeks to compel the defendant, Island Operating Company, Inc. ("Island Operating"), to provide full and complete responses to: (1) Request for Production No. 6 of Plaintiffs' First Set of Combined Discovery (Occupational Safety and Health Administration report redacted information); (2) Interrogatory Nos. 1, 2, and 3 of Plaintiffs' Second Set of Combined Discovery (information related to declaration of Angelle Guilbeau ("Guilbeau"); and (3) Requests for Production No. 1 and 2 of Plaintiffs' Second Set of Combined Discovery (information related to Guilbeau's declaration). ECF No. 34 at 2. This matter was referred to the Honorable James P. Mazzone, United States Magistrate Judge. ECF No. 39. Magistrate

Judge Mazzone entered an order granting the plaintiffs' motion to compel. ECF No. 45. The defendant then filed objections to the magistrate judge's order. ECF No. 48. For the following reasons, the magistrate judge's order is affirmed and adopted and the defendant's objections are overruled.

## II. Background

The plaintiffs filed this motion to compel the defendant to provide full and complete responses to: (1) Request for Production No. 6 of Plaintiffs' First Set of Combined Discovery (Occupational Safety and Health Administration report redacted information); (2) Interrogatory Nos. 1, 2, and 3 of Plaintiffs' Second Set of Combined Discovery (information related to Angelle Guilbeau's declaration); and (3) Requests for Production No. 1 and 2 of Plaintiffs' Second Set of Combined Discovery (information related to Guilbeau's declaration). ECF No. 34 at 2. The plaintiffs argue that the defendant's responses and answers are deficient. Id. at 3. Specifically, the plaintiffs contend that the defendant: (1) has failed to address Request for Production No. 6; (2) has failed to supplement Interrogatory No. 1 and that the defendant has indicated that it has no information responsive to the request; (3) has provided a broad objection to providing information pertaining to Interrogatory Nos. 2 and 3; and (4) has provided no privilege log, and has failed to make any legitimate claim as to

attorney-client privilege or work product, to protect information pertaining to Requests for Production Nos. 1 and 2.  <u>Id.</u> at 3-8.

In response, the defendant argues that it has provided responses to each of the interrogatories and requests for production of documents.  ECF No. 37 at 2, 8.  The defendant also asserts that the Guilbeau Declaration and un-redacted Occupational Safety and Health Administration documents are not proper subjects of discovery since the defendant does not possess those documents. <u>Id.</u> at 6, 8.  Moreover, the defendant argues that Guilbeau's contact information, substance of communications with Guilbeau, and documents that relate to those communications are irrelevant since her declaration was used in response to a motion to remand; and therefore, it cannot be used substantively in this case.

In reply, plaintiffs argue that the defendant opened the door to discovery on Guilbeau when the defendant relied on her declaration to prove the amount in controversy requirement was met. ECF No. 38 at 2.  Moreover, the plaintiffs assert that the defendant never claimed attorney-client privilege or work product doctrine to protect information regarding the substance of communications with Guilbeau and documents that relate to those communications.  <u>Id.</u> at 3.  Even if the defendant asserted protection under the attorney-client privilege, the plaintiffs contend that the defendant does not meet the elements to use the privilege.  <u>Id.</u> at 4-5.

3

On December 19, 2018, Magistrate Judge Mazzone issued an order granting the plaintiffs' motion to compel. ECF No. 45.

On December 21, 2018, the defendant filed objections to the order. ECF No. 48. Island Operating believes that it has no obligation to provide information associated with Angelle Guilbeau's declaration since the requests pertain to the yet unfiled private cause of action for allegedly impermissible conduct associated with procurement of the declaration, not the personal injury case at hand. Id. at 1-6. Island Operating further states that it preserves attorney-client privilege and work product objections that may apply to plaintiffs' requests for Island Operating to produce all email, texts, letters or other forms of communication between representatives, employees, attorneys or others on behalf of Island Operating and Angelle Guilbeau regarding Steven Matthews and/or the declaration. Id. at 6-7.

### III. Applicable Law

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The parties may file objections to the magistrate judge's order, and the magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 354, 68 S. Ct. 525, 92 L.Ed. 746 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982); Shoop v. Hott, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D. W. Va. Dec. 6, 2010).

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering proportionality, courts must consider: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information"; (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Courts may forbid certain disclosures or discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

IV. Discussion

The plaintiffs filed this motion to compel the defendant to provide full and complete responses to: (1) Request for Production No. 6 of Plaintiffs' First Set of Combined Discovery (Occupational Safety and Health Administration report redacted information); (2) Interrogatory Nos. 1, 2, and 3 of Plaintiffs' Second Set of Combined Discovery (information related to Angelle Guilbeau's declaration); and (3) Requests for Production No. 1 and 2 of Plaintiffs' Second Set of Combined Discovery (information related to Guilbeau's declaration). ECF No. 34 at 2. Magistrate Judge Mazzone granted the plaintiffs' motion to compel. ECF No. 45.

Magistrate Judge Mazzone granted the motion to compel, deferring a ruling upon the issue involving OSHA documents until the parties, after working towards a resolution, advise the Court that such a ruling is necessary. Id. at 1. Magistrate Judge Mazzone concluded that Angelle Guilbeau's contact information is reasonably calculated to lead to the discovery of admissible evidence inasmuch as the information will permit plaintiffs to conduct discovery regarding the issue of damages; therefore, the plaintiffs' motion to compel such information was granted. Id. at 2. The magistrate judge directed the defendant to revisit its discovery answers and supplement them consistent with the discussions captured on the record at the hearing pertaining to the plaintiffs' motion. Id. The magistrate judge specifically ordered

the defendant to determine if there is any evidence of communications between anyone, including attorneys, on behalf of Island Operating, and anyone, including Mr. Van Volkenburg, counsel for Stone Energy in <u>Eller v. Stone Energy Corporation</u>, Civil Action No. 5:17CV153, and <u>Wine v. Stone Energy Corporation</u>, Civil Action No. 5:18CV98, regarding the declaration of Angelle Guilbeau. <u>Id.</u> The defendant was then ordered to advise plaintiffs accordingly. <u>Id.</u> This Court finds no clear error in the magistrate judge's conclusion, and thus, affirms and adopts the magistrate judge's order granting the plaintiffs' motion to compel (ECF No. 45).

## V. <u>Conclusion</u>

For the foregoing reasons, the magistrate judge's order granting the plaintiffs' motion to compel (ECF No. 45) is AFFIRMED and ADOPTED.  Accordingly, defendant Island Operating Company, Inc.'s objections to the magistrate judge's order (ECF No. 48) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein.

DATED:    January 24, 2019

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
